MUNICIPAL COURT *vs.* ALBERT A. WHALEY *et al.*

PROVIDENCE—FEBRUARY 24, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Probate Law and Practice. Creditor of Estate. Bonds. Breach. Presentation of Claims against Estate of Decedent.*

Where the claim under a bond arises in the lifetime of the obligor the obligee is a "creditor" of his estate within the meaning of Gen. Laws cap. 215, § 2, and cap. 218, § 9, requiring the filing of claims against the estates of decedents and bringing suit thereon.

DEBT ON BOND. Heard on demurrer to plea, and demurrer overruled.

STINESS, C. J. The plaintiff sues upon a bond to which the defendant's testator was a party, and the defendants plead that the claim under the bond was not presented to them, as executors, or filed in the office of the probate clerk, within six months from the date of the first advertisement of notice of their qualification, as required by Gen. Laws, cap. 215, § 2.

The defendants also plead that the action was not commenced within two years from the date of such notice, as provided in cap. 218, § 9.

The plaintiff demurs to the pleas. Neither of the pleas avers that any such notice was published, and if the plaintiff

wanted to deny that notice was given he could not do so without a departure in pleading.

This defect, however, is curable by amendment, and so is not before us on substantial demurrer. *Miller* v. *Boyden*, 22 R. I. 441.

(1)        The substantial question sought to be raised by the demurrer is whether the party for whose interest under the bond the suit is brought is a "creditor" within the meaning of the statute. If a claim under a bond, to which a testator was a party, arises during his lifetime, we think the claimant is a creditor.

As said by Shaw, C. J., in *Smith* v. *Sherman*, 4 Cush. 408: "According to the liberal construction given to this statute, one is a creditor within the meaning of it, who has a cause of action against the deceased which by law survives."

The plaintiff's argument seems to rest chiefly upon his assertion that he did not know of the breach of the bond until after the death of the surety, the defendant's testator, and after the limitations pleaded had expired, and hence the limitations should not apply.

We can not apply such an argument to a demurrer to pleadings which do not state such a fact. All that we can say as to the main question raised by the demurrer is that the claimant under the bond was a creditor of the estate of Josiah A. Whaley, so far as appears by the pleadings, and that the defences intended to be set up under the pleas of limitation are good.

Demurrer overruled.

*Irving Champlin*, for plaintiffs.
*Edwards & Angell*, for defendants.